

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUL 20 2011

Stephan Harris, Clerk
Casper

# United States District Court
## For The District of Wyoming

UNITED STATES OF AMERICA,

vs.

**ROD MARTI**

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 11-CR-56-1D

David Weiss
Defendant's Attorney

THE DEFENDANT having plead <u>guilty to Counts 1 and 3 of the Indictment</u> filed in this matter.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| <u>Title & Section</u> | <u>Nature of Offense</u> | <u>Date Offense Concluded</u> | <u>Count Number(s)</u> |
|---|---|---|---|
| 18 U.S.C. 922(u) and 924(m) | Theft of Firearms from Licensed Dealer | 1/21/2011 | 1 |
| 18 USC 922(g)(1) and 924(a)(2) | Felon in Possession of Firearm | 1/21/2011 | 3 |

Count 2 dismissed upon motion of the United States.

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

**Defendant's USM No: 11880-091**

July 19, 2011
Date of Imposition of Sentence

William F. Downes,
United States District Judge

July 20, 2011
Date

DEFENDANT: Rod Marti  
CASE NUMBER: 11-CR-56-1D

Judgment-Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred-twenty (120) months as to Count 1 of the Indictment and twenty-four (24) months as to Count 3 of the Indictment, to be served consecutively.

The Court recommends that Mr. Mari be placed in the Oxford, Wisconsin facility, and strongly recommends he be permitted to participate in the Bureau of Prisons 500-hour Residential Drug Abuse Program.

The defendant is remanded to the custody of the United States Marshal Service.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

_____  
United States Marshal

By: _____  
Deputy Marshal

DEFENDANT: Rod Marti  
CASE NUMBER: 11-CR-56-1D

Judgment-Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years as to Counts 1 and 3 of the Indictment, to be served concurrently.

While on supervised release, the defendant shall not commit another federal, state or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The defendant shall submit to one (1) drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter, as directed by the U.S. Probation Officer.

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

While on supervised release, the defendant shall not use or possess a firearm, ammunition, dangerous weapons or destructive device. Supervised release shall be revoked for possession of a firearm.

The defendant shall make special assessment, fine and restitution payments as ordered by the Court and is required to notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. **The defendant shall comply with the following additional conditions:**

The defendant shall pay all financial obligations immediately. Any financial obligations not paid immediately shall be paid beginning the month following his release from confinement, in monthly installments of not less than $50.00.

The defendant shall participate in and successfully complete a substance abuse treatment program approved by the U.S. Probation Officer, and abide by the rules, requirements and conditions of the treatment program. The defendant shall not discontinue treatment without the permission of the U.S. Probation Officer.

DEFENDANT: Rod Marti  
CASE NUMBER: 11-CR-56-1D

Judgment-Page 4 of 7

The defendant shall submit to drug and alcohol testing as directed by the U.S. Probation Officer and shall comply with specific copays imposed pursuant to district policy for failing to comply with drug testing.

As a component of the defendant's treatment and testing program, the defendant shall pay a one-time fee of Two Hundred Fifty Dollars ($250.00) to partially defray the costs of treatment and/or drug testing. Monetary payments made by the defendant shall be applied to this fee only after all other court-ordered monetary obligations have been fulfilled. Payment of the fee shall be made by money order or cashier's check to the Clerk of District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001, utilizing the payment coupon provided by the U.S. Probation Office. ***This co-pay is waived in the event the defendant is supervised by a district other than Wyoming***.

The defendant shall refrain from any use or possession of alcohol and/or other intoxicants including over the counter medications used contrary to the recommended dosage, or the intentional inhalation of any substance, prescribed or otherwise, without the permission of the U.S. Probation Officer. Additionally, the defendant shall not enter establishments whose primary income is derived from the sale of alcohol.

The defendant shall submit his person, residence, office or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall become an active member of Alcoholic's Anonymous. The defendant shall obtain a sponsor which will be allowed to discuss the defendant's progress within the program with his U.S. Probation officer while under supervision. The defendant shall attend a certain number of meetings per week to be determined by his U.S. Probation Officer which will be no less than two (2) per week for the first year of Supervised Release.

The defendant shall not participate in any form of gambling, nor enter gaming establishments.

The defendant shall not have any direct or indirect contact with the co-defendant in this case, Taylor Ashtyn Robinson.

The defendant shall resolve any outstanding warrants or pending charges within six (6) months of his release from confinement.

DEFENDANT: Rod Marti  
CASE NUMBER: 11-CR-56-1D

Judgment-Page 5 of 7

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Rod Marti  
CASE NUMBER: 11-CR-56-1D

Judgment-Page 6 of 7

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| 1 | $100.00 | $5,197.00 (Joint & Several, Concurrent with Count 3) | $0.00 |
| 3 | $100.00 | $5,197.00 (Joint & Several, Concurrent with Count 1) | $0.00 |
| **Totals:** | $200.00 | $5,197.00 (Joint & Several) | $0.00 |

## FINE AND/OR RESTITUTION

The fine and/or restitution includes any costs of incarceration and/or supervision. The restitution, which is due immediately, is inclusive of all penalties and interest, if applicable.

Any interest on fines and/or restitution in this matter are hereby waived by the Court.

The restitution amount of $5,197.00 shall be paid joint and several with the co-defendant in this matter, Taylor Ashtyn Robinson (Case 11-CR-56-02-D).

DEFENDANT: Rod Marti  Judgment-Page 7 of 7
CASE NUMBER: 11-CR-56-1D

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

> In full immediately. Any fine balance not paid immediately or through the Inmate Financial Responsibility Program shall be paid beginning the month following release from confinement, in monthly installments of not less than One Hundred Dollars ($100.00) and all payments shall be completed no later than sixty (60) days prior to the end of the term of supervised release.
>
> Payments for monetary obligations shall be made payable by cashier's check or money order to the Clerk, U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001, and shall reference the defendant's case number, 11-CR-56-1F.

All financial penalty payments are to be made to the Clerks Office, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

Rod Marti 11-CR-56-1D

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) X /s/ _____
Defendant

X 7/29/19
Date

_____
U. S. Probation Officer/Designated Witness

7/29/19
Date